Stewart *v.* Croes *et al.*

ABRAHAM STEWART, appellant, *v.* RALPH V. M. CROES *et al.*, appellees.

*Appeal from Kane.*

A bill in Chancery to set aside a sheriff's sale of land on execution averred, among other things, that no notice was given by the sheriff of the sale of the land to take place upon the day it was sold, and that the land was bid off for an inconsiderable sum by the attorney of the plaintiff in execution. The attorney only was served with process, who appeared and filed a demurrer to the bill for want of equity, which was sustained: *Held,* that the demurrer admitted the allegation that no notice was given; that the attorney, being the purchaser, was chargeable with notice of the sheriff's proceedings, and that, therefore, the demurrer should have been overruled.

In a bill to set aside a sheriff's sale on execution of land *en masse* when the same was susceptible of a division, the value of the land at the time of the sale should be alleged.

A bill in Chancery to set aside a sheriff's sale of land on execution averred, among other things, that the sheriff failed to return the execution and to file a certificate of sale with the recorder: *Held,* that these irregularities, though violations of duty on the part of the sheriff, were not such as to affect the validity of the sale.

BILL IN CHANCERY to set aside a sheriff's sale of land on execution, &c. filed by the appellant against the appellees, in the Kane Circuit Court, and heard before the Hon. John D. Caton, at the August term, 1847, upon a demurrer to the bill for want of equity, when the demurrer was sustained and the bill dismissed.

The material allegations of the bill are set forth in the Opinion of the Court.

*B. F. Fridley,* for the appellant, stated the allegations of the bill, and contended that the irregularities complained of were sufficient to vacate the sale. In support of his position, he cited *Day* v. *Graham,* 1 Gilm. 441; *Graham* v. *Day,* 4 do. 389; *Goff* v. *Jones,* 6 Wend. 522; *Read* v. *Carter,* 3 Blackf. 376; *Tiernan* v. *Wilson,* 6 Johns. Ch. R. 411, and the cases there cited; Rev. Stat. 302, § 10.

*E. Peck*, for the appellees, insisted that there was no suf-
ficient allegation in the bill that the land was susceptible of
division, and as to the other matters alleged as irregulari-
ties, the purchaser was protected by the proviso of the
Statute.    Rev. Stat. 302, § 11.

The Opinion of the Court was delivered by

TRUMBULL, J.    Stewart, on the 19th of July, 1847, filed
his bill in Chancery against Jesse T. Dutcher and R. V. M.
Croes, setting forth that Dutcher, at the April term, 1845, of the
Circuit Court of Kane county, recovered a judgment against
him for twenty one dollars and ninety three cents debt, and
costs of suit amounting to five dollars and fifty six cents ;
that execution issued upon said judgment, and was levied
by the Sheriff of Kane county upon a tract of land belonging
to complainant, and containing fifty seven acres and seven-
teen hundredths of an acre, described by metes and bounds ;
that said land was sold *en masse*, December 13, 1845, to
Croes, who was the attorney for Dutcher, for thirty three
dollars and fifty cents ; that it lay within a short distance of
the village of St. Charles, was susceptible of division, well
improved, and of the value of at least $1,000 at the time of
filing the bill ; that the Sheriff had been guilty of various
irregularities in the sale of the land, such as a failure to
return the execution or to file a certificate of sale with the
recorder ; that no notice was given of the sale on the day it
took place ; that complainant resided in McHenry county at
the time the judgment was obtained against him, and until
some time after the sale of the land ; that in June, 1845, he
sent the money by one Thomas Stewart to pay the full
amount of the judgment and costs, and supposed they were
paid till long afterwards ; that he had no knowledge of the
sale to Croes till after the time for redeeming from the sale
had expired, and that he had offered to pay him the amount
of his bid and interest, and ten dollars besides, if he would
release his claim upon the land; but Croes refused to sur-
render his claim, and threatened to eject complainant from

the land. The prayer of the bill is to have the sale set asid.e

The defendant, Croes, who alone was served with process, demurred to the bill for want of equity, and the Circuit Court sustained the demurrer, and dismissed the bill, which is the error complained of.

The demurrer admits the allegations of the bill, one of which is that no notice was given of the sale of said land to take place on the day it was sold. The attorney of the plaintiff in execution being the purchaser, he is chargeable with notice of the Sheriff's proceedings, and, consequently, does not come within that provision of the statute, (Rev. Stat. 302, § 11,) which makes valid all sales, notwithstanding any irregularity of the Sheriff in cases where the purchaser has no notice of such irregularity. *Day* v. *Graham*, 1 Gilm. 441.

It being admitted that the sale was made without notice, and to a purchaser in contemplation of law, cognizant of the fact, the complainant had a right to have it set aside, and the demurrer should have been overruled.

The other irregularities complained of, although violations of duty on the part of the Sheriff, are not such as to affect the validity of the sale. Had there been an allegation that the land was worth $1,000 at the time of sale instead of at the time of filing the bill, such allegation in connection with the other statements in the bill would have presented a clear case for the intervention of a Court of Equity, for it would never be allowable for an officer to sell, *en masse*, a tract of land worth $1,000 to satisfy an execution for less than thirty dollars, when the tract was susceptible of division, and the sale of a small part would have satisfied the debt.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings in accordance with this Opinion.

*Decree reversed.*